IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TERRANCE RICHARDSON,
    Plaintiff,

vs.                                                  Case No.:  3:06cv485/LAC/EMT

SECRETARY, DEPARTMENT OF
CORRECTIONS,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

        This matter is before the court on Plaintiff's motion to dismiss the instant civil rights case, filed pursuant to 42 U.S.C. § 1983, without prejudice (Doc. 13).

        This court construes Plaintiff's motion as a notice of voluntary dismissal, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.  Rule 41(a)(1)(i) provides that an action may be dismissed without an order of the court by filing a notice of dismissal at any time before the adverse party serves an answer or files a motion for summary judgment.  Because Defendant has not yet been served in the instant case, it is clear that Plaintiff is automatically entitled to a voluntary dismissal at this time.

        However, the court may not grant Plaintiff's request that he be relieved of payment of the filing fee in this case. Plaintiff filed a motion to proceed in forma pauperis, which the court granted, and Plaintiff was assessed an initial partial filing fee of $3.00 (*see* Docs. 7, 10). Plaintiff paid $17.00 toward the filing fee (*see* Doc. 12). Federal law requires that notwithstanding a prisoner's in forma pauperis status, if he brings a civil action and is permitted to proceed in forma pauperis, he is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of twenty percent (20%) of the preceding month's income credited to his inmate account, each time the amount in his account

exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).  Federal law does not authorize the court to waive this requirement.  Therefore, Plaintiff will be required to pay the remainder of the filing fee despite his voluntary dismissal of this action.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's motion to dismiss (Doc. 13), construed as a notice of voluntary dismissal, be **GRANTED** and this case be **DISMISSED without prejudice**.

At Pensacola, Florida, this 27th day of February 2007.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>, **858 F.2d 698, 701 (11th Cir. 1988).**